1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

ROLAND ROBLEDO,

CASE NO.  C09-5303RJB

12

Plaintiff,

REPORT AND RECOMMENDATION

13

v.

14

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Noted for February 5, 2010

15

Defendant.

16

17

18

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28

19

U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews,

20

Secretary of  H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed, and

21

after reviewing the record, the undersigned recommends that the Court affirm the

22

administration's decision.

23

INTRODUCTION AND PROCEDURAL HISTORY

24

Plaintiff, Roland Robledo, was born in 1973.  Tr. 228.  He graduated from high school and

25

attended some college.  Id.  Mr. Robledo allegedly stopped attending college after a brief period due

26

to poor performance resulting from learning disabilities and depression.  Plaintiff's Opening Brief at

REPORT AND RECOMMENDATION - 1

2. Plaintiff has work experience in assembly production, fast food restaurants, and various temporary positions. Tr. 110. The longest employment he has ever had was for a three-year period from 1992 to 1995, working as a dishwasher in a restaurant. Id.

Mr. Robledo currently resides with his girlfriend, and he is working part-time for a company called Telecare on an on-call basis with irregular hours. Tr. 22, 25-26. His work schedule varies from 9 to 20 hours a week, and he averages about 30 hours a month. *Id*. He is paid $9.59 per hour, performing housekeeping type duties. Id.

Despite being able to perform part-time work, plaintiff alleges he is unable to work full-time. On October 26, 2005, plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") with the Department of Social Security. Tr. 82-88. Plaintiff alleges disability since March 2, 2005 due to a dysthymic disorder, anxiety disorder, verbal processing disorder, and mixed expressive-receptive language disorder. Tr. 82-88, 109. For purposes of disability benefits, plaintiff's date last insured is June 30, 2010. Tr. 97.

After the social security administration denied the applications initially and upon reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which occurred on May 22, 2008. Tr. 18-40. After considering the testimony and record, the ALJ issued an unfavorable decision on June 24, 2008, finding plaintiff not disabled. Tr. 45-54. The ALJ specifically concluded plaintiff had severe mental impairments, but retained the ability to perform work as a dishwasher, janitor/recycler, packager/assembler, and housekeeper. Tr. 50-54.

The administration's Appeals Council declined plaintiff's request to review the decision, and therefore, the ALJ's decision is the final administrative decision subject to judicial review. Tr. 1-3. On June 2, 2009, plaintiff filed a complaint in this Court seeking review of the administration's denial of his applications for social security benefits. Doc. 2.

In his Opening Brief (Doc. 12), plaintiff raises the following four arguments regarding the ALJ's decision:

1. Did the ALJ properly assess medical opinions from physicians and other mental health professionals?

2. Did the ALJ err by failing to adopt the pace limitation observed by plaintiff's mother and supported by medical reports?

3. Did the ALJ's RFC assessment comply with the mandatory provisions of SSR 96-8p?

4. Did the ALJ's step 4 findings comply with legal requirements and do plaintiff's past jobs constitute past relevant work (PRW)?

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical

REPORT AND RECOMMENDATION - 3

or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his impairments are of such severity that he is unable to do previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

### **DISCUSSION**

#### *1.     The ALJ Properly Evaluated the Medical Evidence*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."

Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial

evidence if "it is consistent with other independent evidence in the record."  Id. at 830-31;

Tonapetyan, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812

F.2d 1226, 1230 (9th Cir. 1987).  The ALJ may not, however, substitute his or her own opinion

for that of qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).

If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject

this opinion without providing "specific and legitimate reasons" supported by substantial

evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  "The

opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies

the rejection of the opinion of either an examining physician or a treating physician."  Lester, 81

F.3d at 831.  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit

upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a

nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results,

contrary reports from examining physicians and on testimony from the claimant that conflicted

with the treating physician's opinion.

Here, plaintiff alleges the ALJ failed to properly consider the medical evidence.

Specifically, plaintiff argues "the ALJ did not properly assess all of the medical opinions by either

ignoring or rejecting medical opinions and adopting the findings of Psychologist Wood after a brief

mental exam which did not involve the administrative (sic) of standardized psychological tests, such

as those administered by Drs. Julien and Lange."  Opening Brief at 11.

The undersigned finds no error in the ALJ's consideration of the medical opinion

evidence.  After considering the record, the ALJ found plaintiff retained the ability to

REPORT AND RECOMMENDATION - 5

understand, remember and carry out short, simple, routine instructions.  Tr. 51.  The ALJ noted

plaintiff should avoid interaction with the general public and while on the job he should limit his

interaction with coworkers.  *Id*.  In support of this finding, as noted by plaintiff, the ALJ relied

heavily on the consultative examination performed by Dr. Wood on December 27, 2005.  Tr. 51-

53.  Dr. Wood's opinion, in addition to the record as a whole, provided the ALJ substantial

evidence to support his findings.

Dr. Wood diagnosed plaintiff with mild to moderate depression.  Tr. 230.  Dr. Wood

explained that Mr. Robledo overstated the severity of this impairment noting Mr. Robeldo's

reported level of activity and functioning, which included an active and independent lifestyle.

Tr. ,229-230.  Dr. Wood reported the following:

**Daily Activities**

The claimant goes to bed at midnight and awakes at about 9:30am.  He eats
breakfast.  He reported that he makes his bed in the morning.  He has lunch at
about 2:30pm.  He reported that he looks for work on the computer and does
housecleaning.  He has dinner at about 8:30pm.  He then uses the computer.  He
reported that his hobby is listening to, writing and playing music.  He reported
that he plays with a band one time per week for two hours.  He plays video
games.  He sometimes plays board games and card games.  He reads non-fiction
books.

He socializes with his girlfriend and a few friends.  He denied attending any
meetings.

He sometimes does sweeping, mopping and vacuuming.  He washes dishes and
laundry.  He reported that he makes toast, hot cereal and barbeques.  He said he
can follow recipes.  He lives in an apartment and does not do minor repairs or
yard work.  He drives, takes public transportation, shops for groceries, buys
stamps, mails letters, uses the telephone and directory and takes out the garbage.
He denied exercising.  He pays bills.  He brushes his teeth one time per week and
showers one time per week.|

Tr. 229.

REPORT AND RECOMMENDATION - 6

The ALJ did not ignore the report prepared by Dr. Julien and Dr. Lange as alleged by plaintiff. In contrast, the ALJ specifically mentioned the December 2000 report, noting that plaintiff had scored in the average intellectual functioning range and high average range for mathematical skills. Tr. 52.

The ALJ properly weighed the evidence in context of the time periods involved. The ALJ relied most heavily on the report (Dr. Wood's December 2005 report) made contemporaneous with plaintiff's alleged onset date of March 2, 2005. The ALJ also explained that the record failed to include any mental health treatment records for depression and anxiety until February 2007. Tr. 53.

In sum, the ALJ weighed the conflicting medical evidence and properly relied on the evidence in the record as a whole, including plaintiff's testimony, plaintiff's daily activities, the medical record as a whole, and specifically, the opinion of Dr. Woods to establish plaintiff's residual functional capacity.

The court notes that the medical records may have been interpreted in the manner plead by Plaintiff. However, it is worth repeating that the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ or the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, as it may be in this matter, it is the ALJ's conclusion that must be upheld. Id.

## 2.    *The ALJ Properly Assessed the Lay Witness Evidence*

Credibility determinations are particularly within the province of the ALJ. Andrews, 53 F.3d at 1043. Nevertheless, when an ALJ discredits lay witness testimony concerning a claimant's ability to work the ALJ must provide reasons "that are germane to each witness." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996). The reasons "germane to each witness" must be specific. Stout

REPORT AND RECOMMENDATION - 7

1  v. Comm'r, 454 F.3d 1050, 1054 (9th Cir.2006)(explaining that "the ALJ, not the district court, is

2  required to provide specific reasons for rejecting lay testimony").

3      Plaintiff argues the ALJ failed to provide specific reasons for disregarding his mother's lay

4  statements about pace. Opening Brief at 14-15. After reviewing the ALJ's decision and record,

5  the court disagrees.

6      The ALJ properly addressed the lay witness evidence, along with the medical evidence,

7  stating the following:

8

9      Evidence does not establish any significant worsening of symptoms since the
       claimant was able to engage in substantial activity in 2004. He continues to work
10      part-time. While he may lie down during the day, there is no evidence this is a
       medical necessity. In addition to his work activity he plays in a band, reads,
11      performs household tasks, and socializes with friends (Exhibit 8F). His daily
       activities are not consistent with debilitating mental symptoms.
12

13      The claimant's mother reports he sometimes needs reminders to perform self-care
       activities. He is able to shop and cook. He is slow at household chores. He has
14      problems following spoken instructions. Instructions have to be short and simple.
       His mother reported that the claimant isolates himself but this is inconsistent with
15      having a girlfriend and playing in a band. He has always had a speech
       impediment (Exhibit 9E). The observations of the claimant's mother are
16      generally credible. However, while the claimant does experience mental
       limitations, there is no evidence he is incapable of routine types of work with
17      limited interaction with others. He works part-time and has performed substantial
       gainful activity in the past despite his impairments. In addition to his work
18      activity he plays in a band, reads, performs household tasks, and socializes with
       friends (Exhibit 8F).
19

20      The state agency consultants opine that the claimant has no severe impairment.
       New evidence has been received since the state agency review. After careful
21      review of the entire record, the undersigned finds he has severe mental
       impairments resulting in limitations to short, simple, routine instructions with no
22      public contact and limited contact with co-workers.

23

24  Tr. 53.

25      In sum, the ALJ properly relied on the medical evidence, Dr. Moon's report, to limit the

26  affect of the lay witness evidence. In addition, the ALJ properly and reasonably considered

REPORT AND RECOMMENDATION - 8

plaintiff's activity level to further support the finding that plaintiff's limitations are not as severe as stated by the lay witness.

### *3.      The ALJ Properly Evaluated Plaintiff's Residual Functional Capacity*

"[R]esidual functional capacity" is "the maximum degree to which the individual retains the capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).  In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a).  Social Security guidelines further define Residual functional capacity ("RFC") as "what an individual can still do despite his or her limitations" on a regular and continuing basis for 8 hours a day, 5 days a week.  Social Security Ruling 96-8.

Here, plaintiff argues the ALJ failed to follow the SSR 96-8 guideline when he found plaintiff retained the ability to understand, remember and carry out short, simple, routine instructions, with certain restrictions regarding interaction with the general public and coworkers.

In large part plaintiff's argument is premised on the contention that the ALJ erred when he evaluated the medical evidence.  Opening Brief at 16.  As discussed above, the ALJ properly considered the medical evidence and he discounted or rejected certain opinions relied on by Plaintiff to make this argument.  Moreover, the ALJ limitations accounted for both Plaintiff's verbal processing and mixed expressive-receptive language disorder, as well as, stress.  The ALJ specifically accommodated those concerns when he limited plaintiff's interaction with co-workers and the general public.

After reviewing the record and ALJ's RFC finding, the undersigned finds no errors.  The ALJ's RFC finding accurately reflects medical evidence relied upon by the ALJ.

REPORT AND RECOMMENDATION - 9

*4.      The ALJ Properly Completed Step-Four of the Administrative Process*

Lastly, plaintiff argues the ALJ conclusion that plaintiff retained the ability to perform

past relevant work as a housekeeper, dishwasher, janitor/recycler and a packager/assembler is

erroneously based upon a hypothetical which did not reflect an accurate, comprehensive RFC.

Plaintiff further argues there is no evidence that plaintiff's earnings or length of employment as his

various past jobs constituted substantial gainful activity.

In Pinto v. Massanari, 249 F.3d 840, 844-845 (9th Cir. 2001), the court wrote:

> At step four, claimants have the burden of showing that they can no longer
> perform their past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Clem
> v. Sullivan*, 894 F.2d 328, 330 (9th Cir.1990). Once they have shown this, the
> burden at step five shifts to the Secretary to show that, taking into account a
> claimant's age, education, and vocational background, she can perform any
> substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(f) and
> 416.920(f). *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir.2000). Although the
> burden of proof lies with the claimant at step four, the ALJ still has a duty to
> make the requisite factual findings to support his conclusion. SSR 82-62. See 20
> C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and
> 416.965[Footnote omitted].
>
> This is done by looking at the "residual functional capacity and the physical and
> mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e)
> and 416.920(e) The claimant must be able to perform:
>         1. The actual functional demands and job duties of a particular past
> relevant job; or
>         2. The functional demands and job duties of the occupation as generally
> required by employers throughout the national economy. SSR 82-61. This
> requires specific findings as to the claimant's residual functional capacity, the
> physical and mental demands of the past relevant work, and the relation of the
> residual functional capacity to the past work. SSR 82- 62.

Pinto v. Massanari, 249 F.3d 840, 844-845 (9th Cir. 2001).

Here, the ALJ properly relied on the testimony of the vocational expert, who stated in

response to a hypothetical that plaintiff would be able to perform duties associated with the jobs

identified.  Tr. 18-19.  The hypothetical posed to the vocational expert accurately reflects the

ALJ's findings discussed above, and it was therefore properly supported by substantial evidence.

REPORT AND RECOMMENDATION - 10

Plaintiff's argument is again erroneously premised on the underlying argument that the ALJ failed to properly evaluate the medical evidence.

The court also rejects plaintiff's argument that the jobs identified are not supported by evidence that would establish past substantial work activity for consideration by the ALJ at step four.

Past relevant work is work that was "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a). Past relevant work can be part time, Katz v. Secretary of HHS, 972 F.2d 290 (9th Cir. 1992), totally unpaid, Keyes v. Sullivan, 894 F.2d 1053 (9th Cir. 1990), and merely seasonal, Byington v. Chater, 76 F.3d 246 (9th Cir. 1996). It need only require significant mental and physical activities to be substantial. 20 C.F.R. §§ 404.1572(a), 416.972(a). Likewise, to be gainful it need only be the kind of work "usually done for pay or profit[.]" 20 C.F.R. §§ 404.1572(b), 416.972(b). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). The regulations specifically state that "[y]our earnings may show you have done substantial gainful activity" but "the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

In the present case the ALJ discussed the fact that plaintiff's "earnings record" did not reflect substantial gainful activity, but as all jobs were unskilled work, Plaintiff performed the jobs long enough "to learn the work." Tr. 36, 50. Plaintiff related the job duties in detail, indicating he understood how to do the job. Tr. 125-32. Thus, this work was substantial and gainful, even though he may have earned less than the amount that would presumptively

REPORT AND RECOMMENDATION - 11

establish substantial gainful activity. As noted above, plaintiff's past job as a dishwasher was performed for approximately three years.

The court finds no error in the ALJ's assessment of plaintiff's past relevant work and his ability to perform at that level during the relevant period.

CONCLUSION

Based on the foregoing discussion, the Court should affirm the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 5, 2010, as noted in the caption.

DATED this 13th day of January 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12