UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROLDAN ROBLEDO, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. C09-5303RJB <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING DECISION OF COMMISSIONER OF SOCIAL SECURITY |

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 15. The court has considered the relevant record, including the objections of plaintiff, and the remainder of the file herein.

In this appeal of the decision of the Commissioner of Social Security to deny plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income, the magistrate judge issued a Report and Recommendation, on January 13, 2010, recommending that the court affirm the administrative decision. Dkt. 15.

In the Report and Recommendation, the magistrate judge concluded that (1) the ALJ weighed the conflicting medical evidence and properly relied on the evidence in the record as a whole, including plaintiff's testimony, plaintiff's daily activities, the medical record as a whole, and the opinion of Dr. Woods, to establish plaintiff's residual functional capacity; (2) the ALJ properly relied on the medical

ORDER
Page - 1

evidence to limit the effect of plaintiff's mother's statements about plaintiff's problems with pace; (3) the ALJ properly evaluated plaintiff's residual functional capacity; and (4) the ALJ's step 4 findings properly assessed plaintiff's past relevant work and his ability to perform at that level during the relevant period. Dkt. 15.

On January 23, 2010, plaintiff filed objections to the Report and Recommendation, contending that the ALJ conducted an incomplete and incorrect assessment of the opinions from physicians and other mental health professionals about plaintiff's limitations; and that a proper review of the medical evidence would show that plaintiff needed to do one thing at a time, that plaintiff needed to have a slow pace to maintain accuracy, and that the symptoms of his disorders worsened the more plaintiff is pressured to speed up. Dkt. 16. Plaintiff also contends that the ALJ improperly rejected plaintiff's mother's statements about his reduced pace, without articulating specific and valid reasons; and ignored the mandatory requirements of SSR 96-8P when determining plaintiff's residual functional capacity. *Id.* Finally, plaintiff contends that the ALJ's step 4 findings did not comply with SSRs 00-4P and 82-62, and the hypothetical presented to the vocational expert was defective. *Id.*

The court has reviewed the record *de novo*. A review of the medical evidence shows that the findings of Drs. Julian and Lange were properly addressed by the ALJ and were incorporated into the finding on residual functional capacity; Nancy Warren's opinion was conclusory and brief, and unsupported by treatment notes or explanation; Larry Eckman's opinion was not consistent with the medical record; and the ALJ properly assessed the medical evidence and sufficiently developed the record. The ALJ addressed plaintiff's mother's opinions, and accounted for plaintiff limitations regarding his reduced pace in the finding on residual functional capacity, by limiting plaintiff to short, simple work, with routine instructions. The ALJ incorporated all credible impairments into the residual functional capacity. Finally, plaintiff did not meet his burden to show that he was unable to return to his past relevant work; and even if he had met his burden, the ALJ included all credible limitations into the hypothetical questions to the vocational expert. Accordingly, the court concurs with conclusion of the Report and Recommendation of the magistrate judge that the decision of the Commissioner of Social Security should be affirmed.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the magistrate judge (Dkt. 15) is **ADOPTED**. The decision of the Commissioner of Social Security, denying plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income, is **AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of February, 2010.

Robert J. Bryan
United States District Judge